**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

PHH MORTGAGE CORPORATION,

|  |  |  |
|---|---|---|
| | Plaintiff, | 6:25-cv-876 |
| | | (ECC/CBF) |
| v. | | |

ZACHERY R. WILSON, KATELYNN M.
WILSON, and "JOHN DOE #1" THROUGH
"JOHN DOE #12," the last twelve names being
fictitious and unknown to plaintiff, the persons
or parties intended being the tenants, occupants,
persons or corporations, if any, having or
claiming an interest in or lien upon the premises,
described in the complaint,

|  |  |
|---|---|
| | Defendants. |

---

Christina R. Bruderman, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff PHH Mortgage Corporation brings this diversity action pursuant to Article 13 of

the New York Real Property Actions and Proceeding Law (RPAPL) seeking to foreclose a

mortgage encumbering 710 Crosby Road, Utica, New York 13502 (the Subject Property). Dkt.

No. 1. Defendants Zachery R. Wilson and Katelynn M. Wilson have failed to answer the complaint

or otherwise appear in this action.[1] Presently before the Court is Plaintiff's motion for default

---

[1] Plaintiff also brought this action against "John Doe #1" through "John Doe #12," but now seeks to remove these defendants because they have not been served with copies of the summons and complaint and "are neither necessary nor proper party defendants." Dkt. No. 20-1 at 7. Because none of the Doe defendants has been identified and served with the summons and complaint and it has been more than ninety days since the complaint has been filed, the Doe defendants are dismissed. *See* Fed. R. Civ. P. 4(m).

judgment and judgment of foreclosure and sale, as well as for the appointment of a referee. *See* Dkt. No. 20. For the following reasons, Plaintiff's motion is denied without prejudice to renew.

## I.    FACTS[2]

On November 24, 2020, Defendants executed a promissory note to Plaintiff in the principal amount of $113,982.00 (the Note). *See* Dkt. No. 1 ¶ 9; Dkt. No. 1-2. The Note was secured by a mortgage on the Subject Property executed by Defendants to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Plaintiff (the Mortgage). *See* Dkt. No. 1 ¶ 9; Dkt. No. 1-3. The Mortgage was duly recorded with the Oneida County Clerk as Instrument #2020-017177 on December 7, 2020. Dkt. No. 1-3. Thereafter, MERS assigned the Mortgage to Plaintiff by Assignment of Mortgage dated and recorded on July 3, 2024 as Instrument #2024-007590. Dkt. No. 1-4.

Under the Mortgage and Note, Defendants were obligated to make monthly principal and interest payments of $488.27, starting on January 1, 2021. *See* Dkt. No. 1-2 § 3; *see also* Dkt. No. 1-3 at 5 § 1.[3] The Note provides that Defendants are in default if they "do not pay the full amount of each monthly payment on the date it is due." Dkt. No. 1-2 § 6(B). Upon Defendants' default, the Note allows Plaintiff the right to accelerate the full amount of the unpaid principal, with interest, and collect "reasonable attorneys' fees" incurred in enforcing the Note. *Id.* §§ 6(C), (E).

Plaintiff alleges that Defendants defaulted under the Note and Mortgage by failing to make the required monthly payments beginning on May 1, 2024, leaving an outstanding principal balance of $105,922.29. Dkt. No. 1 ¶ 12; Dkt. No. 20-5 ¶¶ 7, 15 (affirmation of indebtedness).

---

[2] The following facts are drawn from Plaintiff's complaint, supporting declarations, and accompanying exhibits, and are accepted as true for the purposes of this motion.

[3] Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

Plaintiff commenced this action on July 7, 2025 to foreclose on the Subject Property. Defendants were served with the summons and complaint on August 15, 2025, *see* Dkt. Nos. 4, 5, 6, 10, 11, 12, but failed to appear in the action. The Clerk of the Court issued an Entry of Default against Defendants on December 29, 2025, and issued an Amended Entry of Default on February 4, 2026 to include the Doe defendants in the case caption. *See* Dkt. Nos. 15, 19. Plaintiff moved for default judgment on February 4, 2026. Dkt. No. 20.

## II.    DISCUSSION

### A.    Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the Court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Considering the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil*, 10 F.3d at 95-96. "The decision whether to enter default judgment is committed to the district court's discretion . . . ." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir.

3

2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Doe v. Rees*, 24-cv-274 (MAD/ML), 2025 WL 834786, at \*4 (N.D.N.Y. Mar. 17, 2025) (quoting *LaBarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted)); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

### B.    Liability of Defendants on Mortgage Foreclosure Claim

### 1.    Common Law Elements of Foreclosure Action

Under New York law, to foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan (which is secured by the mortgage). *See OneWest Bank, N.A. v. Hawkins*, No. 14-cv-4656, 2015 WL 5706945, at \*5 (E.D.N.Y. Sept. 2, 2015) (citing *Campaign v. Barba*, 23 A.D.3d 327, 327 (2d Dep't 2005)); *see also Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 62 (N.D.N.Y. 2011) (noting that summary judgment in a mortgage foreclosure action is appropriate where the plaintiff produces the note and mortgage, along with proof that the mortgagor failed to make the payments due under the note). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Kings Cnty. Pub. Admin.*, No. 22-cv-7925, 2023 WL 7169000, at \*3 (E.D.N.Y. Sept. 13, 2023).[4]

---

[4] Plaintiff has standing to bring this mortgage foreclosure action because it has demonstrated that, at the time of commencement, it was the holder of the Note. *See OneWest Bank, N.A. v. Melina*,

Here, Plaintiff has established the common-law elements of a mortgage foreclosure claim against Defendants because it states that Defendants executed a Note and a Mortgage, that the Mortgage was assigned to Plaintiff, and that Defendants are in default on the Note and Mortgage. Dkt. No. 1 ¶¶ 9-14; Dkt. Nos. 1-2, 1-3, 20-5. Plaintiff has also produced copies of the Note, Mortgage, and assignment of the Mortgage, thereby establishing the borrowers' obligations arising thereunder. The Note, Mortgage, and accompanying documents establish the existence of a debt owed by the borrowers, and Plaintiff's ownership of the Note and Mortgage. *See Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that "copies of the Mortgage, Note, allonges, and chain of assignments" was "evidence . . . that establishes a *prima facie* case of entitlement to judgment"). Plaintiff also has established that Defendants defaulted by failing to make the required monthly payments beginning May 1, 2024. *See* Dkt. No. 1 ¶ 12; Dkt. No. 20-2 at 2; *see also Gustavia Home*, 321 F. Supp. 3d at 415 (finding that affidavit stating that "defendant . . . failed to cure the default" was sufficient proof of borrower's default). Defendants' default triggered Plaintiff's right to accelerate the loan and to require full payment of the outstanding principal. *See* Dkt. No. 1-2 § 6(C).

Because Defendants have not answered the complaint or otherwise opposed the instant motion, they have failed to rebut Plaintiff's *prima facie* showing that it is entitled to a judgment of foreclosure. *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Estate of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-cv-3547, 2023 WL 2421676, at *6 (E.D.N.Y. Feb. 9, 2023).

---

827 F.3d 214, 222 (2d Cir. 2016) ("Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015))).

5

### 2.    Pre-Foreclosure Procedures

In addition to the common law elements of a mortgage foreclosure claim, Article 13 of the RPAPL provides for certain requirements a plaintiff must comply with in a foreclosure action, including in federal court. *See, e.g.*, *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015); *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 333-34 (E.D.N.Y. 2024). These service and filing requirements include: (1) the making of an "affirmative allegation" in the complaint that the plaintiff has "complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder" pursuant to RPAPL § 1302, (2) service of the statutory notice on the mortgagor with the summons and complaint pursuant to RPAPL § 1303, (3) service of the statutory notice required by RPAPL § 1304 on the mortgagor prior to commencing the action, (4) filing the required information with the superintendent of the New York State Department of Financial Services under RPAPL § 1306, (5) service of a summons containing specified language under RPAPL § 1320, and (6) filing the notice of pendency in compliance with RPAPL § 1331 and New York Civil Practice Law and Rules (CPLR) 6511(a). *See PHH Mortg. Corp. v. Rossi*, No. 25-cv-948 (BKS/ML), 2026 WL 1162605, at *2 (N.D.N.Y. Apr. 29, 2026) (internal footnotes omitted); *Nationstar Mortg. LLC v. Bernstein*, No. 23-cv-861 (ECC/ML), 2025 WL 624949 (ECC/ML), at *4 (N.D.N.Y. Feb. 26, 2025).

### a.    RPAPL § 1302

RPAPL § 1302(1)(b) requires that "[a]ny complaint served in a proceeding initiated on a residential mortgage covering a one to four family dwelling" contain an "affirmative allegation that at the time the proceeding is commenced, the plaintiff . . . has complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, and section six-l or six-m of the banking law, for loans governed by

6

section six-l or six-m of the banking law, and section thirteen hundred four of this article for all residential mortgage loans covering a one to four family dwelling."

Here, Plaintiff's action relates to an owner-occupied one-to-four family dwelling. *See* Dkt. No. 1-5 at 2 (describing property type as "1 to 4 Family Home"). The Complaint alleges that "Plaintiff has complied with all the provisions of Section 595a and Section 6-[l] of the Banking Law and RPAPL § 1304, except where it is exempt from doing so," Dkt. No. 1 ¶ 16, but it does not refer to "any rules and regulations promulgated thereunder" as required by RPAPL § 1302(1)(b). *See Wilmington Sav. Fund Soc'y, FSB as Trustee of Aspen Holdings Tr. v. Bernash*, No. 23-cv-485 (AMN/DJS), 2024 WL 1285431, at *10 (N.D.N.Y. Mar. 26, 2024); *Wilmington Sav. Fund Soc'y, FSB as Trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 334 (E.D.N.Y. 2024) (finding the same error); *HSBC Bank USA, Nat'l Ass'n, as Tr. for Ace Sec. Corp. Home Equity Loan Tr., Series 2006-OP2 v. Bell*, No. 24-cv-7671, 2026 WL 575420, at *1 (E.D.N.Y. Mar. 2, 2026) ("And as numerous other courts in this Circuit have recently clarified, failure to include this particular phrase constitutes non-compliance with the requirements of RPAPL § 1302.") (collecting cases). This is a sufficient basis to deny a motion for default judgment seeking foreclosure and sale. *See, e.g.*, *Bernash*, 2024 WL 1285431, at *5.

### b.    RPAPL § 1303

As relevant here, Section 1303 requires the foreclosing party in a mortgage foreclosure action involving residential property to provide a notice to "any mortgagor if the action relates to an owner-occupied one-to-four family dwelling." RPAPL § 1303(1)(a). This notice must be "delivered with the summons and complaint," "on its own page" which is "printed on colored paper," and have particular formatting. *Id.* § 1303(2).

Here, the affirmations of service on Defendants state that Defendants were served with a "Homeowners Foreclosure Notice as required by RPAPL 1303." *See* Dkt. Nos. 4, 5, 6, 11.

7

However, the RPAPL § 1303 notice attached to the complaint, Dkt. No. 1-7, is not the "Help for Homeowners in Foreclosure" notice required to be served on a mortgagor, *see* RPAPL § 1303(1)(a), (3), but rather is a "Notice to Tenants of Buildings in Foreclosure" which is a separate notice required to be given to tenants of one-to-four family dwellings, *id.* § 1303(1)(b),(5). Thus, Plaintiff has not established its compliance with RPAPL § 1303 because the record does not demonstrate that Plaintiff served Defendants with the correct statutory notice. *See PHH Mortg.*, 2026 WL 1162605, at *3.

### c.      RPAPL § 1304

RPAPL § 1304(1) requires a lender, assignee, or mortgage loan servicer of a home loan to give a statutory notice to the borrower at least ninety days before commencing a foreclosure action. That notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). Plaintiff alleges that it "complied with RPAPL §1304" and attaches to its complaint copies of the Section 1304 notices that were mailed to Defendants by both certified and first-class mail. *See* Dkt. No. 1 ¶ 15; Dkt. No. 1-5 at 4-123. Further, the notices were mailed in November 2024, more than ninety days prior to commencing suit. Accordingly, Plaintiff has shown its compliance with RPAPL § 1304.

### d.      RPAPL § 1306

RPAPL § 1306 requires that a plaintiff file certain information with the Superintendent of Financial Services within three business days of mailing the notice required by Section 1304. "Each filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage . . . ." *Id.* § 1306(2).

Here, Plaintiff alleges that it complied with RPAPL § 1306 and submits a Proof of Filing Statement from the New York State Department of Financial Services for each Defendant. Dkt. No. 1 ¶ 15; Dkt. No. 1-5 at 2-3. Although Plaintiff's filing statements were timely filed within three business days of mailing the 90-day notice required by Section 1304, it is not clear that Plaintiff has fully complied with Section 1306. Specifically, the borrower's phone number appears to have been redacted in each Proof of Filing Statement submitted. The record "does not reflect why a telephone number for the mortgagor is not visible," and telephone numbers "are not among the categories of information that Rule 5.2 [of the Federal Rules of Civil Procedure] allows parties to redact without leave of Court." *PHH Mortg.*, 2026 WL 1162605, at *4 (citation omitted).

"'The purpose of the borrower information on the RPAPL § 1306 form is to assist mortgage counselors working with the Department [of Financial Services] to contact the Borrower,' and courts have required strict compliance with this provision." *Id.* (citations omitted). Accordingly, any renewed motion for default judgment must contain proof of full compliance with Section 1306.

### e.    RPAPL § 1320

Under RPAPL § 1320, the summons in an "action to foreclose a mortgage on a residential property containing not more than three units" must contain a specified notice in boldface. The summonses issued by the Court in this case do not contain the Section 1320 language. Although Plaintiff filed the Section 1320 notice as an exhibit to the complaint, the record does not establish that this notice was served with the summons and complaint. The affirmations of service on Defendants indicate that Defendants were served with the summons, complaint, certificate of merit, and Section 1303 notice. Dkt. Nos. 4, 5, 6, 11. Because the affirmations of service specifically list out the certificate of merit and Section 1303 notice, which were also filed as exhibits to the complaint, but not the Section 1320 notice, the Court will not infer that the Section 1320 notice was served with the summons. Accordingly, Plaintiff has not shown compliance with

RPAPL § 1320. *See PHH Mortg. Corp.*, 2026 WL 1162605, at \*4 (concluding that the plaintiff had not shown compliance with Section 1320 where the record did not "establish that th[e] notice was served with the summons and complaint").

**f.    RPAPL § 1331 and CPLR 6511(a)**

Finally, RPAPL § 1331 requires that a plaintiff file a notice of pendency of the foreclosure action, as well as a copy of the complaint, in the clerk's office of the county where the subject property is located at least twenty days before a final judgment directing a sale is rendered. *See* RPAPL § 1331; CPLR 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency.").

Here, Plaintiff provided evidence that the notice of pendency was filed with the Oneida County Clerk on July 18, 2025. Dkt. No. 20-14. Although the notice of pendency Plaintiff submitted does not include the complaint, Plaintiff's counsel attests that a copy of the complaint was filed with the notice of pendency. Dkt. No. 20-2 at 3. The recording stamp on the notice of pendency also indicates that the document filed consists of 181 pages. Dkt. No. 20-14 at 2. Finally, after a records search on the Oneida County Clerk's website, the Court takes judicial notice of the fact that the complaint was actually filed on July 18, 2025 along with the notice of pendency. *See PHH Mortg.*, 2026 WL 1162605, at \*4. Thus, Plaintiff has complied with RPAPL § 1331 and CPLR 6511.

**C.    Relief**

Even if the Court were to find that Plaintiff had established liability, Plaintiff has not provided the Court sufficient information to determine damages to a reasonable certainty. Although the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro*

*Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Rather, a court must ensure that there is an evidentiary basis for the damages a plaintiff seeks before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

First, in the complaint Plaintiff "hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable." Dkt. No. 1 ¶ 14. Although the notices of default sent to Defendants reference the possibility of "acceleration of the debt," *e.g.*, Dkt. No. 20-10 at 4, there is no documentation or other evidence before the Court suggesting that Defendants' debt was in fact accelerated prior to the filing of the complaint on July 7, 2025. Where a note is "payable in installments, 'separate causes of action accrue[] for each installment that is not paid." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021). Plaintiff has not explained how, if the debt was not accelerated until July 7, 2025, it is entitled to interest on the *entire* unpaid principal balance from April 1, 2024 to September 12, 2025. Rather, it would be entitled to interest on each unpaid installment beginning on its due date, until the date of acceleration.

Second, Plaintiff has not adequately supported its request for attorneys' fees. In a Declaration of Services Rendered, Plaintiff's counsel states that the Mortgage entitles Plaintiff to "reasonable fees for the services rendered in connection with this action," Dkt. No. 20-20 ¶ 3, and itemizes 25.5 hours spent and anticipated to be spent through sale on this matter, *id.* at ¶ 4. Although counsel states that her hourly rate for foreclosure matters is $330.00, Plaintiff is being charged a flat rate of $6,800.00 for this matter. *Id.* at ¶¶ 5, 6.

Flat rates such as the one sought here, are disfavored in the Second Circuit. *See e.g.*, *Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) (discussing

11

that generally this Circuit does not award attorneys' fees that request flat fees in the absence of sufficiently detailed supporting documentation); *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 624 (W.D.N.Y. 2018) (collecting cases). When flat fees are agreed upon, Courts still analyze whether such fees are reasonable using the lodestar method but only if contemporaneous time records are provided. *See OneWest Bank, N.A. v. Cole*, No. 14-cv-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015). The Court does not find that the declaration is sufficient, absent contemporaneous billing records, and attorneys' fees should not be awarded without such a cross-check. *See Mack Fin. Servs. v. Poczatek*, No. 10-cv-3799, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted in part*, 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011) (citations omitted) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'"). Therefore, any renewed motion for default judgment should include the required supporting documentation for the request of attorneys' fees.

In light of the above deficiencies, the Court denies Plaintiff's motion for default judgment without prejudice and grants Plaintiff leave to file an amended complaint within thirty days of this Memorandum-Decision and Order. Plaintiff is advised that this Memorandum-Decision and Order should be not be construed as an exhaustive list of the deficiencies in Plaintiff's filings.

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment, Dkt. No. 20, is **DENIED**; and it is further

**ORDERED** that Plaintiff is granted leave to amend its complaint to add the phrase "and any rules and regulations promulgated thereunder" to paragraph 16, to the extent Plaintiff is able

to attest that it had, in fact, complied with the applicable rules and regulations at the time this proceeding was commenced; and it is further

**ORDERED** that if Plaintiff fails to file its amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case without further order of this Court; and it is further

**ORDERED** that the Clerk of Court terminate Defendants John Doe #1 through John Doe #2; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 11, 2026

Elizabeth C. Coombe
U.S. District Judge